IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD M. CHEN, et al.,<br><br>    Defendants. | Case No. 17-cv-06843-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 38 |

The Court is in receipt of plaintiff Daniel D. Dydzak's "Motion to Disqualify," filed March 23, 2018. Having read and considered the motion, the Court rules as follows.

Two statutes address disqualification, specifically, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides that "[whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." See 28 U.S.C. § 144; see also United States v. Sibla, 624 F. 2d 864, 867 (9th Cir. 1980) (holding "[i]f the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits"). Section 455, in relevant part, provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." See 28 U.S.C. § 455(a).

//

"[T]he procedural requirements of the two sections are different." Sibla, 624 F.3d at 867. Specifically, "[s]ection 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit," while § 455 "sets forth no procedural requirements" and is "self-enforcing on the part of the judge." See id. at 867-68.

The Court first considers herein whether the declaration submitted by plaintiff is, for purposes of § 144, legally sufficient. "An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party stemming from an extrajudicial source," id. at 868, i.e., a source other than "conduct or rulings made during the course of the proceeding," see Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (finding affidavit "legally insufficient" where challenge based on "conduct during the judicial proceeding").

Here, the declaration submitted by plaintiff in support of the instant motion is primarily conclusory in nature,[1] and, consequently, is, to that extent, legally insufficient. See Grimes v. United States, 396 F.2d 331, 333 (9th Cir. 1968) (holding district court properly denied motion under § 144 where movant's affidavit lacked "[d]etail of definite time and place and character"; further holding such "detail" is "absolute necessity" to support motion under § 144). To the extent any facts are set forth therein, such facts pertain solely to plaintiff's disagreement with court rulings (see Dydzak Decl. ¶ 3), which disagreement is not a legally cognizable ground for recusal. See United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (holding "a judge's prior adverse ruling is not sufficient cause for recusal"). Consequently, as plaintiff has failed to assert any facts supporting a possible cognizable ground for recusal under § 144 or otherwise, the Court finds the affidavit is not legally sufficient. See id.

With regard to § 455, the Court, by order filed March 19, 2018, found Dydzak's

---

[1] Plaintiff asserts, for example, that a judge's "senior status" constitutes a ground for disqualification. (See Dydzak Decl, ¶ 4.) No authority for such proposition has been cited, and none exists.

recent suit against the undersigned did not warrant disqualification. The Court has considered whether the instant motion identifies any ground upon which disqualification would be warranted, as well as whether there is any other ground for disqualification, and finds no such ground exists.

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 29, 2018

MAXINE M. CHESNEY
United States District Judge