IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWARD M. CHEN, et al.,<br><br>    Defendants. | Case No. 17-cv-06843-MMC<br><br>**ORDER GRANTING STATE BAR OF CALIFORNIA'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Before the Court is the State Bar of California's ("State Bar") motion, filed February 2, 2018, to dismiss the complaint in the above-titled action. Plaintiff Daniel D. Dydzak ("Dydzak") has filed untimely opposition.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

Dydzak's complaint, which consists of eleven causes of action, alleges one claim against the State Bar, specifically, the Tenth Cause of Action, titled "Intentional Infliction of Emotional Distress," which claim is based on the allegation that the State Bar "engaged" three "female operatives," one of whom approached Dydzak in "the garage area of [his] residence, and asked for advice" and two of whom "followed him" in a "mundane looking car, when he and [a] friend were traveling to a Santa Monica Canyon restaurant for an early dinner." (See Compl. ¶¶ 121-22.)

The State Bar argues it is entitled to immunity under the Eleventh Amendment.

---

[1] Under the Local Rules of this District, plaintiff's opposition was due no later than February 16, 2018. See Civil L.R. 7-3(a) (providing opposition to motion "must be filed and served not more than 14 days after the motion [is] filed"). Plaintiff, without explanation, filed his opposition 49 days after the motion was filed. Nonetheless, the Court has considered it.

[2] By order filed March 19, 2018, the Court took the motion under submission.

The Court, as discussed below, agrees.

"[I]n the absence of consent[,] a suit in which [a] State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought", id., and applies to claims arising under either federal or state law, see id. at 120-21. As the State Bar is a state agency entitled to immunity under the Eleventh Amendment, the Tenth Cause of Action, as alleged against the State Bar, is subject to dismissal. See Hirsh v. Justices of Supreme Court, 67 F.3d 708, 712, 715 (9th Cir. 1995) (holding State Bar is "state agency" for purposes of Eleventh Amendment); Chandler v. State Bar, 2008 WL 901865, at *2-4 (N.D. Cal. March 31, 2008) (dismissing, as barred by Eleventh Amendment, claim against State Bar for intentional infliction of emotional distress).

In his opposition, Dydzak states he "intends to amend the lawsuit to allege [a] violation of civil rights by the State Bar." (See Pl.'s Opp. at 5:4-5.) Any such amendment, however, would be futile, as state agencies are entitled to immunity under the Eleventh Amendment as to claims alleging violations of federal civil rights laws. See Pennhurst, 465 U.S. at 120; Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989) ("Section § 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); see also Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir.1990) (holding "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile").

Accordingly, the State Bar's motion to dismiss is hereby GRANTED, and plaintiff's claim against the State Bar is hereby DISMISSED, without leave to amend.

**IT IS SO ORDERED.**

Dated: March 29, 2018

MAXINE M. CHESNEY
United States District Judge

2