IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD M. CHEN, et al.,<br><br>    Defendants. | Case No. 17-cv-06843-MMC<br><br>**ORDER GRANTING MOTION TO DISMISS FILED BY ERIC M. GEORGE, ALAN ROTHENBERG AND MIDFIRST BANK, N.A., JOINED BY WILLIAM WARDLAW**<br><br>Re: Dkt. No. 24 |

Before the Court is the Motion to Dismiss, filed February 15, 2018, by defendants Eric M. George ("George"), Alan Rothenberg ("Rothenberg") and Midfirst Bank, N.A. ("the Bank"), successor-in-interest to 1st Century Bank; defendant William Wardlaw ("Wardlaw") has filed a notice of joinder. Plaintiff Daniel D. Dydzak has filed untimely opposition.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

1. The Second Cause of Action,[3] titled "Intentional Infliction of Emotional Distress," is based on the allegation that George, Rothenberg, and others "authorized" and paid "various persons" to "wiretap[ ]" plaintiff's cell phone, causing plaintiff "severe

---

[1] Under the Local Rules of this District, plaintiff's opposition was due no later than March 1, 2018. See Civil L.R. 7-3(a) (providing opposition to motion "must be filed and served not more than 14 days after the motion [is] filed"). Plaintiff, without explanation, filed his opposition 22 days after the motion was filed. Nonetheless, the Court has considered it.

[2] By order filed March 19, 2018, the Court took the motion under submission.

[3] The First, Sixth, Seventh, Eighth, Ninth, and Eleventh Causes of Action are not asserted against any of the above-named defendants.

emotional distress." (See Compl. ¶¶ 57-65.) The Second Cause of Action is in all material respects identical to a claim plaintiff asserted against George and Rothenberg in a prior action, Dydzak v. United States, Case No. 17-4360 (hereinafter, "Dydzak I") (see Dydzak I Compl. ¶¶ 47-55), and fails to state a cognizable claim for the reasons stated in the order of dismissal filed in Dydzak I (see Dydzak I Order, filed October 31, 2017, at 14:12 - 15:13 (dismissing claim with prejudice)). Additionally, plaintiff is precluded from relitigating the Second Cause of Action against George and Rothenberg in the instant action, in light of the order of dismissal filed in Dydzak I. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (holding "claim preclusion" bars relitigation of claim raised in prior action, where "there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties"; further holding "dismissal with prejudice" constitutes "final judgment on the merits").[4]

2. The Third Cause of Action, titled "Violation of 18 U.S.C. § 2520(G)," is based on the allegation that George, Rothenberg, and others "caused" plaintiff to be "wiretapped." (See Compl. ¶¶ 68-70.) The Third Cause of Action is in all material respects identical to a claim plaintiff previously asserted against George and Rothenberg in Dydzak I (see Dydzak I Compl. ¶¶ 58-60), and fails to state a cognizable claim for the reasons stated in the order of dismissal filed in Dydzak I (see Dydzak I Order, filed October 31, 2017, at 14:12 - 15:6, 10-13 (dismissing claim with prejudice)). Additionally, plaintiff is precluded from relitigating the Third Cause of Action against George and Rothenberg in the instant action, in light of the order of dismissal filed in Dydzak I. See Stewart, 297 F.3d at 956.

//

---

[4] Plaintiff has filed a notice of appeal from the order of dismissal, which appeal presently is pending before the Ninth Circuit Court of Appeals. The pendency of the appeal, however, does not affect the finality of the order of dismissal for purposes of claim preclusion. See Tripati v. Herman, 857 F.2d 1366, 1367 (9th Cir. 1988) (holding "a final judgment retains all of its res judicata consequences pending decision of [an] appeal").

3. The Fourth Cause of Action, titled "Conspiracy to Tortiously Interfere With the Lawful Processes of the Court," is based on the allegation that George, Rothenberg, Wardlaw, and others "conspired" to cause United States District Judge Edward M. Chen, the judge assigned to Dydzak I, to dismiss Dydzak I. (See Compl. ¶¶ 72, 76.) The Fourth Cause of Action is substantially similar to causes of action asserted in Dydzak I, the sole difference being plaintiff's allegation in Dydzak I that George, Rothenberg, Wardlaw and/or others "conspired" to cause district judges assigned to four cases filed by plaintiff, other than Dydzak I, to dismiss those cases (see Dydzak I Compl. ¶¶ 93, 169, 180, 200), and fails to state a cognizable claim for the reasons stated in the order of dismissal filed in Dydzak I (see Dydzak I Order, filed October 31, 2017, at 12:7- 13:20; see also Dydzak I Order, filed September 15, 2017, at 11:11 - 12:12).

4. The Fifth Cause of Action, titled "Intentional Infliction of Emotional Distress," is based on the allegation that George, Rothenberg, the Bank, Wardlaw, and others "conspir[ed]" to cause Judge Chen to rule against plaintiff in Dydzak I, which, in turn, caused plaintiff "severe emotional distress." (See Compl. ¶¶ 81-86). The Fifth Cause of Action is substantially similar to causes of action asserted in Dydzak I, the sole difference being plaintiff's allegation in Dydzak I that he incurred "severe emotional distress" when George, Rothenberg and others allegedly conspired to cause district judges assigned to four cases filed by plaintiff, other than Dydzak I, to dismiss those cases (see Dydzak I Compl. ¶¶ 99-102, 174-76, 185-87), and fails to state a cognizable claim for the reasons stated in the order of dismissal filed in Dydzak I (see Dydzak I Order, filed October 31, 2017, at 12:7 - 13:20, 13:24 - 14:4; see also Dydzak I Order, filed September 15, 2017, at 9:19-25, 10:6 - 11:6).

5. The Tenth Cause of Action, titled "Intentional Infliction of Emotional Distress," is based on the allegation that George, Rothenberg, and others "engaged" three "female operatives," one of whom approached plaintiff in "the garage area of [his] residence, and asked for advice" and two of whom "followed him" in a "mundane looking car, when he and [a] friend were traveling to a Santa Monica Canyon restaurant for an early dinner."

3

(See Compl. ¶¶ 121-22.) The conduct on which plaintiff bases the Tenth Cause of Action fails to rise to the level required to support such claim, as it does not even come close to being "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized community," see Melorich Builders, Inc. v. Superior Court, 160 Cal. App. 3d 931, 936 (1984) (setting forth essential elements of claim for intentional infliction of emotional distress), and, accordingly, the Tenth Cause of Action is subject to dismissal.

## CONCLUSION

For the reasons stated above, the motion to dismiss is hereby GRANTED, and plaintiff's claims against Eric M. George, Alan Rothenberg, Midfirst Bank, N.A., successor-in-interest to 1st Century Bank, and William Wardlaw are hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: March 29, 2018

MAXINE M. CHESNEY
United States District Judge