IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. DYDZAK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EDWARD M. CHEN, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-06843-MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY REMAINING CLAIMS IN COMPLAINT SHOULD NOT BE DISMISSED** |

On November 29, 2017, plaintiff Daniel D. Dydzak filed the instant complaint, in which he initially named thirty-seven defendants, and to which he subsequently added three additional defendants, for a total of forty named defendants. By separate orders filed concurrently herewith, the Court has dismissed without leave to amend the claims alleged against five of the defendants, specifically, the State Bar of California, Eric M. George, Alan Rothenberg, Midfirst Bank, N.A. as successor-in-interest to 1st Century Bank, and William Wardlaw.

The Court having read and considered the complaint, as well as an amicus brief filed by the United States of America and plaintiff's response thereto, finds it appropriate, for the reasons stated below, to direct plaintiff to show cause why the claims against the remaining thirty-five defendants should not be dismissed without leave to amend. See Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981) (holding district court may "act on its own initiative to note the inadequacy of a complaint and dismiss it," after first affording plaintiff an opportunity to respond thereto).

The Court next considers each cause of action alleged in the complaint, and, to the extent those claims are alleged against the remaining defendants, sets forth its reasoning as to why each such claim fails to state a cognizable claim for relief.

**A. First Cause of Action ("Violation of Civil Rights")**

The First Cause of Action is based on the allegation that the Ninth Circuit Court of Appeals has "blocked" plaintiff from "making telephone calls from his cell phone . . . to the Clerk's Office of the Ninth Circuit" and did so without affording him "due process." (See Compl. ¶ 44-48.) This claim is asserted against the following four defendants: Sidney R. Thomas, Chief Judge of the Ninth Circuit ("Chief Judge Thomas"), Molly C. Dwyer, Clerk of the Ninth Circuit Court of Appeals ("Clerk of Court Dwyer"), United States District Judge Virginia A. Phillips ("Judge Phillips"), and United States District Judge Stephen V. Wilson ("Judge Wilson"). As relief, Dydzak seeks issuance of an order "enjoining said [d]efendants from continuing to have the Ninth Circuit's Clerk's Office block [plaintiff's] cell phone call." (See Compl. ¶ 55.)

The First Cause of Action in all material respects is identical to a claim plaintiff asserted against Chief Judge Thomas and Clerk of Court Dwyer in a prior action filed in the Northern District of California, Dydzak v. United States, Case No. 17-4360 (hereinafter, "Dydzak I") (see Dydzak I Compl. ¶¶ 35-41), the sole difference being plaintiff's new allegation that Judge Philips and Judge Wilson, in a manner unspecified in the instant complaint, "caused" the blocking (see Compl. ¶ 49).

For the reasons stated in the order of dismissal filed in Dydzak I, specifically that, when performing the functions challenged here, judges are entitled to judicial immunity and court clerks are entitled to quasi-judicial immunity (see Dydzak I Order, filed October 31, 2017, at 5:20-23, 9:20 - 10:19, 10:28 - 12:2) (dismissing claim with prejudice)), plaintiff likewise fails to state a cognizable claim against the above-named four defendants. Additionally, as against Chief Judge Thomas and Clerk of Court Dwyer, plaintiff is precluded from relitigating such claim in the instant case, in light of the order of dismissal filed in Dydzak I. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.

2

2002) (holding "claim preclusion" bars relitigation of claim raised in prior action, where "there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties"; further holding "dismissal with prejudice" constitutes "final judgment on the merits").[1]

Moreover, as was discussed in the order dismissing Dydzak I, the Ninth Circuit, in a decision filed January 27, 2017, "prohibited" plaintiff "from communicating with" the Ninth Circuit other than by "communication in writing." See Dydzak v. Alexander, Case No. 16-55813, Document No. 9. This Court lacks jurisdiction to review that decision, which it necessarily would be required to do in order to address plaintiff's claim that he is entitled to an injunction requiring the Ninth Circuit to accept his cell phone calls; rather, the sole court with jurisdiction to review the Ninth Circuit's order is the United States Supreme Court. See 28 U.S.C. § 1254; Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1393 & n.19 (9th Cir. 1987) (holding district courts lack jurisdiction to conduct a "'reverse review' of a ruling of the court of appeals").

Accordingly, plaintiff will be directed to show cause why the First Cause of Action should not be dismissed without leave to amend.

**B. Second Cause of Action ("Intentional Infliction of Emotional Distress")**

The Second Cause of Action is based on the allegation that Ronald M. George, the former Chief Justice of the California Supreme Court ("former Chief Justice George"), attorney Thomas A. Girardi ("Girardi"), and former County of Los Angeles deputy sheriff Thomas Layton ("Layton"), along with two individuals who already have been dismissed from the instant action, "authorized" and paid "various persons" to "wiretap[ ]" plaintiff's cell phone, causing plaintiff "severe emotional distress." (See Compl. ¶¶ 57-65.) The Second Cause of Action is in all material respects identical to a claim plaintiff previously

---

[1] Plaintiff has filed a notice of appeal from the order of dismissal, which appeal presently is pending before the Ninth Circuit. The pendency of the appeal, however, does not affect the finality of the order of dismissal for purposes of claim preclusion. See Tripati v. Herman, 857 F.2d 1366, 1367 (9th Cir. 1988) (holding "a final judgment retains all of its res judicata consequences pending decision of [an] appeal").

3

asserted against former Chief Justice George in Dydzak I. (See Dydzak I Compl. ¶¶ 47-55.)

For the reasons stated in the order of dismissal filed in Dydzak I, specifically, that the claim is implausible (see Dydzak I Order, filed October 31, 2017, at 14:12 - 15:13 (dismissing claim with prejudice)), plaintiff fails to state a cognizable claim against the above-named three defendants. Additionally, as against former Chief Justice George, plaintiff is precluded from relitigating such claim in the instant action, in light of the order of dismissal filed in Dydzak I. See Stewart, 297 F.3d at 956.

Accordingly, plaintiff will be directed to show cause why the Second Cause of Action should not be dismissed without leave to amend.

**C. Third Cause of Action ("Violation of 18 U.S.C. Section 2520(G)")**

The Third Cause of Action is based on the allegation that former Chief Justice George, Girardi, Layton, and Federal Bureau of Investigation Special Agent Richard Alexander ("Alexander"), along with two individuals who already have been dismissed from the instant action, "caused" plaintiff to be "wiretapped." (See Compl. ¶¶ 68-70.) The Third Cause of Action is in all material respects identical to a claim plaintiff previously asserted against former Chief Justice George in Dydzak I. (See Dydzak I Compl. ¶¶ 58-60.)

For the reasons stated in the order of dismissal filed in Dydzak I, specifically, that the claim is implausible (see Dydzak I Order, filed October 31, 2017, at 14:12 - 15:6,10-13 (dismissing claim with prejudice)), plaintiff fails to state a cognizable claim against the above-named four defendants. Additionally, as against former Chief Justice George, plaintiff is precluded from relitigating such claim in the instant case, in light of the order of dismissal filed in Dydzak I. See Stewart, 297 F.3d at 956.

Accordingly, plaintiff will be directed to show cause why the Third Cause of Action should not be dismissed without leave to amend.

//

//

4

**D. Fourth Cause of Action ("Conspiracy to Tortiously Interfere With the Lawful Processes of Court")**

The Fourth Cause of Action is based on the allegation that former Chief Justice George, Tani Cantil-Sakauye, the present Chief Justice of the California Supreme Court ("Chief Justice Cantil-Sakauye"), financial executive Charles Schwab ("Schwab"), attorney Jeffrey L. Bleich ("Bleich"), and Mathew C. Rogers ("Rogers"), who is alleged to be "an employee, officer or agent of McKinsey and Company" (see Compl. ¶ 4), along with three individuals who already have been dismissed from the instant action, "conspired" to cause United States District Judge Edward M. Chen ("Judge Chen"), the assigned judge in Dydzak I, to dismiss Dydzak I. (See Compl. ¶¶ 72, 76.) The Fourth Cause of Action is substantially similar to causes of action asserted in Dydzak I, the sole difference being plaintiff's allegation in Dydzak I that former Chief Justice George and others "conspired" to cause district judges assigned to four cases filed by plaintiff, other than Dydzak I, to dismiss those cases. (See Dydzak I Compl. ¶¶ 93, 169, 180, 200.)

For the reasons stated in the order of dismissal filed in Dydzak I, specifically, that the claim is implausible (see Dydzak I Order, filed October 31, 2017, at 12:7- 13:20; see also Dydzak I Order, filed September 15, 2017, at 11:11 - 12:12), plaintiff fails to state a cognizable claim against the above-named five defendants.

Accordingly, plaintiff will be directed to show cause why the Fourth Cause of Action should not be dismissed without leave to amend.

**E. Fifth Cause of Action ("Intentional Infliction of Emotional Distress")**

The Fifth Cause of Action is based on the allegation that former Chief Justice George, Chief Justice Cantil-Sakauye, Schwab, Bleich, Rogers, and 1st Century Bancshares, Inc., as well as three individuals and one entity who already have been dismissed from the instant action, "conspir[ed]" to cause Judge Chen to rule against plaintiff in Dydzak I, which, in turn, caused plaintiff "severe emotional distress." (See Compl. ¶¶ 81-86). The Fifth Cause of Action is substantially similar to causes of action asserted in Dydzak I, the sole difference being plaintiff's allegation in Dydzak I that he

incurred "severe emotional distress" when former Chief Justice George, Chief Justice Cantil-Sakayue, Schwab, Bleich and/or Rogers, as well as others, allegedly conspired to cause district judges assigned to four cases filed by plaintiff, other than Dydzak I, to dismiss those cases. (See Dydzak I Compl. ¶¶ 99-102, 174-76, 185-87.)

For the reasons stated in the order of dismissal filed in Dydzak I, specifically, that the claim is implausible (see Dydzak I Order, filed October 31, 2017, at 12:7 - 13:20, 13:24 - 14:4; see also Dydzak I Order, filed September 15, 2017, at 9:19-25, 10:6 - 11:6), plaintiff fails to state a cognizable claim against the above-named six defendants.

Accordingly, plaintiff will be directed to show cause why the Fifth Cause of Action should not be dismissed without leave to amend.

**F. Sixth Cause of Action ("Violation of Civil Rights")**

The Sixth Cause of Action is based on the allegation that Ninth Circuit Court of Appeals Judge Kim McLane Wardlaw ("Judge Wardlaw"), Northern District of California Chief Judge Phyllis J. Hamilton ("Chief Judge Hamilton"), Northern District of California Judge Yvonne Gonzales Rogers ("Judge Gonzalez Rogers"), Northern District of California District Judge Claudia Wilken ("Judge Wilken"), and Judge Chen entered into a "conspiracy" to cause Dydzak I to be assigned to Judge Chen. (See Compl. ¶ 89.) The Sixth Cause of Action is also based on the allegation that Chief Judge Hamilton "would not intervene" when plaintiff filed a motion requesting she disqualify Judge Chen from hearing Dydzak I (see id.), as well as on allegations that Judge Gonzalez Rogers committed "misconduct towards [plaintiff]" and Judge Wilken had "conflicts of interest" that "harm[ed]" plaintiff (see id.).[2]

---

[2] The Court takes judicial notice that (1) in 2016, plaintiff filed an action in the Northern District of California titled Dydzak v. Schwab, Case No. 16-4799, (2) said action was assigned to and later dismissed by Judge Gonzalez Rogers, (3) after entry of the order of dismissal, plaintiff filed a motion for reconsideration of the dismissal, as well as a motion to disqualify Judge Gonzalez Rogers, (4) the motion to disqualify was referred to and later denied by Judge Wilken; (5) the motion for reconsideration of the dismissal was denied by Judge Gonzalez Rogers, and (6) plaintiff's subsequently-filed appeal was dismissed by the Ninth Circuit as frivolous. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

6

As the Sixth Cause of Action is based entirely on "judicial actions," the judges named therein are entitled to judicial immunity. See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (holding judges are entitled to immunity from claims challenging "judicial actions"; dismissing claim alleging judge entered into "a conspiracy" to "predetermine the outcome of a judicial proceeding").

Additionally, the sole remedy plaintiff seeks is an "injunction" reversing and setting aside Judge Chen's orders in Dydzak I and assigning Dydzak I to another judge (see Compl. ¶¶ 91, 95), which prayer for relief the Court lacks jurisdiction to entertain, see Mullis, 828 F.2d at 1392-93 (holding district courts lack jurisdiction to entertain "horizontal appeal[s]," i.e., claims seeking review of orders issued by other district courts). Rather, as to any order issued in Dydzak I, plaintiff must seek relief from the Ninth Circuit. See id.[3]

Accordingly, plaintiff will be directed to show cause why the Sixth Cause of Action should not be dismissed without leave to amend.

**G. Seventh Cause of Action ("Declaratory Relief")**

The Seventh Cause of Action is based on the allegation that there exists a "controversy" between plaintiff and Judge Chen, specifically, that plaintiff "contends" and Judge Chen "disputes" that all "rulings and [o]rders" entered in Dydzak I "should be reversed." (See Compl. ¶¶ 98-99.) As relief, plaintiff seeks a "judicial determination and declaration as to the parties' respective rights and duties." (See Compl. ¶ 100.)

As the Seventh Cause of Action is based entirely on the propriety of judicial rulings, Judge Chen is entitled to judicial immunity. See Ashelman, 793 F.2d at 1078. Additionally, the Court lacks jurisdiction to consider the Seventh Cause of Action, as it constitutes an improper "horizontal appeal" of decisions made by another district court judge. See Mullis, 828 F.2d at 1392-93.

---

[3] Indeed, as noted above, see n.1, plaintiff has filed with the Ninth Circuit an appeal from the order of dismissal entered in Dydzak I.

7

1  Accordingly, plaintiff will be directed to show cause why the Seventh Cause of
2  Action should not be dismissed without leave to amend.

**H. Eighth Cause of Action ("Violation of Civil Rights")**

The Eighth Cause of Action is based on the allegation that "wrongful" conduct occurred during the pendency of Ninth Circuit Case No. 10-80193. (See Compl. ¶¶ 102--09.) The defendants named in the Eighth Cause of Action are Chief Judge Thomas, Ninth Circuit Judge William C. Canby ("Judge Canby"), Ninth Circuit Judge Ronald M. Gould ("Judge Gould"), Ninth Circuit Judge Richard C. Tallman ("Judge Tallman"), and Ninth Circuit Appellate Commissioner Peter L. Shaw ("Commissioner Shaw").

The subject proceeding was initiated on September 28, 2010, by an order of the Ninth Circuit directing plaintiff to show cause why he should not be reciprocally disbarred from the bar of the Ninth Circuit in light of his earlier disbarment by the California Supreme Court. See In re Dydzak, Ninth Circuit Case No. 10-80193, Document No. 1, 3.[4] After plaintiff filed a response to the order to show cause, the matter was referred to Commissioner Shaw to conduct a hearing and to thereafter submit a recommendation as to whether plaintiff should be suspended or disbarred from practice in the Ninth Circuit. See id., Document No. 5. On May 23, 2011, Commissioner Shaw issued a report and recommendation, and, on June 24, 2011, a panel consisting of Judges Canby, Gould and Tallman adopted in full Commissioner Shaw's report and recommendation, and disbarred plaintiff from the practice of law in the Ninth Circuit. See id., Document No. 34.

According to plaintiff, each order issued in the course of the above-described proceeding was erroneous, and, additionally, that the Ninth Circuit's asserted failure to rule on various motions filed by plaintiff was erroneous. (See Compl. ¶¶ 102-09.) As relief, plaintiff seeks an injunction reversing and setting aside all rulings and orders issued in the matter. (See Compl. ¶¶ 102-05.)

---

[4]The Court takes judicial notice of the contents of the docket for Ninth Circuit Case No. 10-80193. See Lee, 250 F.3d at 689 (9th Cir. 2001).

8

As the Eighth Cause of Action is based entirely on judicial actions, the judges and commissioner named therein are entitled to judicial immunity. See Ashelman, 793 F.2d at 1078; see also Franceschi v. Schwartz, 57 F.3d 828, 830-31 (9th Cir. 1995) (holding court commissioners are entitled to judicial immunity as to claim based on commissioner's having performed "judge-like functions"). Moreover, the Court lacks jurisdiction to consider plaintiff's claim that the orders issued in the course of the subject proceeding should be reversed and set aside. See Mullis, 828 F.2d at 1392-93.

Accordingly, plaintiff will be directed to show cause why the Eighth Cause of Action should not be dismissed without leave to amend.

**I. Ninth Cause of Action ("Violation of Civil Rights")**

The Ninth Cause of Action challenges rulings made in Ninth Circuit Case No. 11-56028. (See Compl. ¶¶ 113-17.) The defendants named in the Eighth Cause of Action are Chief Judge Thomas, Ninth Circuit Judge Ferdinand F. Fernandez ("Judge Fernandez"), Ninth Circuit Judge A. Wallace Tashima ("Judge Tashima"), and Judge Wardlaw.

The subject appeal was initiated on June 17, 2011, when plaintiff filed a notice of appeal from an order issued by the Central District of California, in which order plaintiff was disbarred from the practice of law in the Central District. See In re Dydzak, Ninth Circuit Case No. 11-56028, Documents No. 1, 3.[5] On February 19, 2013, a panel consisting of Judges Fernandez, Tashima, and Wardlaw affirmed the order disbarring plaintiff, see id., Document No. 4, and, by order filed July 19, 2013, the same panel denied plaintiff's motion for rehearing, see id., Document No. 7.

According to plaintiff, the judges hearing the appeal were "biased" and had "conflicts of interest" (see Compl. ¶ 113), and allegedly "conspired" with Chief Judge Thomas not to rule on a motion filed by plaintiff on April 1, 2016 (see Compl. ¶ 114). As

---

[5]The Court takes judicial notice of the contents of the docket for Ninth Circuit Case No. 11-56028. See Lee, 250 F.3d at 689.

9

1 relief, plaintiff seeks an injunction setting aside all rulings and orders issued in the course

2 of the appellate proceeding. (See Compl. ¶¶ 113, 118.)

3 As the Ninth Cause of Action is based entirely on judicial actions, the judges

4 named therein are entitled to judicial immunity. See Ashelman, 793 F.2d at 1078.

5 Moreover, the Court lacks jurisdiction to consider plaintiff's claim that the orders issued in

6 the course of the subject proceeding should be reversed and set aside. See Mullis, 828

7 F.2d at 1392-93.

8 Accordingly, plaintiff will be directed to show cause why the Ninth Cause of Action

9 should not be dismissed without leave to amend.

**J. Tenth Cause of Action ("Intentional Infliction of Emotional Distress")**

The Tenth Cause of Action is based on the allegation that former Chief Justice George, Girardi, and Layton, as well as two individuals and one entity who already have been dismissed from the instant action, "engaged" three "female operatives," one of whom approached plaintiff in "the garage area of [his] residence, and asked for advice" and two of whom "followed him" in a "mundane looking car, when he and [a] friend were traveling to a Santa Monica Canyon restaurant for an early dinner." (See Compl. ¶¶ 121-22.) The conduct on which plaintiff bases the Tenth Cause of Action fails to rise to the level required to support such claim, as it does not even come close to being "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized community." See Melorich Builders, Inc. v. Superior Court, 160 Cal. App. 3d 931, 936 (1984) (setting forth essential elements of claim for intentional infliction of emotional distress).

Accordingly, plaintiff will be directed to show cause why the Tenth Cause of Action should not be dismissed without leave to amend.

**K. Eleventh Cause of Action ("Violation of Civil Rights")**

The Eleventh Cause of Action challenges rulings made in a case plaintiff filed in the Central District of California, specifically, Dydzak v. Alexander, Case No. 16-02915, as well as rulings made by the Ninth Circuit in the course of resolving an appeal plaintiff

10

1 filed from orders entered in the District Court. (See Compl. ¶¶ 128-29.) The defendants
2 named in the Eleventh Cause of Action are Chief Judge Thomas, Ninth Circuit Judge
3 Michael Daly Hawkins ("Judge Hawkins"), Ninth Circuit Judge Andrew D. Hurwitz ("Judge
4 Hurwitz"), Ninth Circuit Judge Edward Leavy ("Judge Leavy"), Ninth Circuit Judge Barry
5 G. Silverman ("Judge Silverman"), Ninth Circuit Judge Carlos T. Bea ("Judge Bea"),
6 Clerk of Court Dwyer, Central District of California District Judge Otis D. Wright, II
7 ("Judge Wright"), Central District of California District Judge Michael W. Fitzgerald
8 ("Judge Fitzgerald"), and Central District of California District Judge Andre Birotte, Jr.
9 ("Judge Birotte").

According to plaintiff, Chief Judge Thomas assigned the subject district court case to Judge Wright, who, plaintiff alleges, is "biased" and "unfair" (see Compl. ¶ 128(1)), and who allegedly "did not disqualify himself as he ethically was required to do" (see Compl. ¶ 128(2)), allegedly had "ex parte communications" with Judge Birotte about the case (see Compl. ¶ 128(7)), and allegedly "sealed" the complaint for wrongful purposes (see Compl. ¶ 128(5)). Also, according to plaintiff, Judge Fitzgerald "unethically ruled on a disqualification motion" and "caused the Clerk to not serve the [o]rder" on plaintifff. (See Compl. ¶¶ 128(3)-(4).) Further, according to plaintiff, after he filed a notice of appeal, Clerk of Court Dwyer "failed and refused to file a disqualification motion" and "illegally dismissed the case" (see Compl. ¶¶ 129(1), (3)), Judges Hawkins and Hurwitz "issued an illegal [o]rder without a proper quorum and having other irregularities" (see Compl. ¶ 129(2)), and Judges Leavy, Silverman, and Bea "entered an invalid [o]rder without a properly constituted quorum" and failed to rule on a "pending motion" (see Compl. ¶ 129(5)-(6)). As relief, plaintiff seeks an injunction setting aside all rulings and orders issued in the course of the district court and appellate proceedings. (See Compl. ¶¶ 130, 134.)

As the Eleventh Cause of Action is based entirely on judicial actions, the judges named therein are entitled to judicial immunity, see Ashelman, 793 F.2d at 1078, and Clerk of Court Dwyer is entitled to quasi-judicial immunity, see Moore v. Brewster, 96

11

F.3d 1240, 1244 (9th Cir. 1996) (holding court clerks entitled to immunity as to claims based on performance of "quasi-judicial functions"). Moreover, the Court lacks jurisdiction to consider plaintiff's claim that the orders issued in the course of the proceedings should be reversed and set aside. See Mullis, 828 F.2d at 1392-93.

Accordingly, plaintiff will be directed to show cause why the Eleventh Cause of Action should not be dismissed without leave to amend.

**L. Claims Against Defendants Substituted For "Doe" Defendants**

The complaint includes as defendants "Does 1 through 10." (See Compl., caption.) Subsequent to the filing of the complaint, plaintiff filed three notices in which he substituted for a "Doe" the names of, respectively, United States District Judge Richard Seeborg, United States District Judge William H. Orrick III, and the undersigned.

Plaintiff alleges each "Doe" has "participated or acted in concert with the other named [d]efendants, and each of them" and is "liable in some manner" for the acts alleged. (See Compl. ¶ 39). The complaint contains no other allegations regarding the "Doe" defendants, and none is named as a defendant to any cause of action. Under such circumstances, plaintiff fails to state a cognizable claim against any of the above-named three defendants, as the complaint includes no "factual content" as to the "Doe" defendants, let alone "factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." See Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (holding "mere conclusory statements" do "not suffice" to state cognizable claim). Moreover, irrespective of which of the causes of action plaintiff may be pursuing against any of the defendants he has substituted for a "Doe," those claims fail for the additional reason that all of plaintiff's causes of action are, as set forth above, subject to dismissal.

Accordingly, plaintiff will be directed to show cause why his claims against the defendants he has substituted for "Doe" defendants should not be dismissed without leave to amend.

//

**CONCLUSION**

For the reasons stated above, plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and no later April 20, 2018, why the remaining claims in the complaint should not be dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: March 29, 2018

MAXINE M. CHESNEY
United States District Judge