IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL D. DYDZAK,

    Plaintiff,

v.

EDWARD M. CHEN, et al.,

    Defendants.

Case No. 17-cv-06843-MMC

**ORDER DISMISSING COMPLAINT; DIRECTIONS TO CLERK**

In the above-titled action, plaintiff Daniel Dydzak, who proceeds pro se, has sued forty defendants, specifically, the Chief Justice of the California Supreme Court, the former Chief Justice of the California Supreme Court, the Chief Judge of the Ninth Circuit Court of Appeals, eleven judges of the Ninth Circuit Court of Appeals, the Appellate Commissioner of the Ninth Circuit, the Clerk of the Ninth Circuit Court of Appeals, the husband of a Ninth Circuit judge, twelve district judges, the husband of a district court judge, the State Bar of California, four attorneys in private practice, a bank, a holding company, a Special Agent of the Federal Bureau of Investigation, a former deputy sheriff of the Los Angeles Sheriff's Department, and financial executive Charles Schwab. The complaint consists of eleven causes of action, in which plaintiff's claims are based in general on the theory that he is entitled to relief because, according to plaintiff, adverse judicial rulings he received in a number of cases were improper. (See, e.g., Compl. ¶ 75 (challenging district judge's orders denying plaintiff's motions to disqualify); ¶162 (alleging plaintiff has been denied "fair and impartial judicial proceedings" by specified Ninth Circuit judges).)

On March 29, 2018, the Court granted two motions to dismiss, and, in so doing,

1   dismissed without leave to amend plaintiff's claims against five of the above-referenced
2   defendants. By separate order, also filed March 29, 2018, the Court directed plaintiff to
3   show cause why his claims against the remaining thirty-five defendants should not be
4   dismissed for lack of subject matter jurisdiction and/or for failure to state a claim.

Now before the Court is plaintiff's "Opposition to the Order to Show Cause," filed April 16, 2018, wherein plaintiff argues his claims should not be dismissed. The Court considers in turn each of plaintiff's arguments.[1]

Plaintiff argues that none of the numerous federal judges he has sued are entitled to judicial immunity as to his claims seeking injunctive and declaratory relief, because, he asserts, he "did not receive fair proceedings in various cases" and "[f]or every right violated, there has to be a remedy." (See Pl.'s Opp. at 4:4-16.) As explained in the Order to Show Cause, however, the Court lacks jurisdiction to consider plaintiff's requests for issuance of injunctions to set aside, and/or for a declaration decreeing as invalid, any opinions issued by the Ninth Circuit or orders issued by other district judges (see Order to Show Cause at 3:5-10, 7:6-10, 7:23-25, 9:5-7, 10:5-7, 12:2-4), and plaintiff has available remedies in the event he is dissatisfied with any such opinion or order, as he may petition the United States Supreme Court to review opinions issued by the Ninth Circuit and may file an appeal to the Ninth Circuit from orders issued by district courts (see id. at 3:10-14, 7:10-12).

Next, plaintiff contends, the Chief Justice of the California Supreme Court "enjoys no judicial immunity" as to the claims plaintiff has asserted against her. (See Pl.'s Opp. at 3:12-14.) The Court need not consider this contention, as, in the Order to Show Cause, the grounds identified for dismissal of the claims against the Chief Justice do not include judicial immunity. (See Order to Show Cause at 5:1 - 6:10.)

---

[1] To the extent plaintiff repeats the arguments he previously made in support of his requests for disqualification of the undersigned, such arguments are unavailing for the reasons stated in the Court's Order Finding No Basis for Disqualification, filed March 19, 2018, and Order Denying Plaintiff's Motion to Disqualify, filed March 29, 2018.

2

1  Third, plaintiff contends his claims comport with "[n]otice pleading" requirements
2  (see Pl.'s Opp. at 5:13-24); (see also id. at 6:19-20 (providing as example his claim
3  alleging Appellate Commissioner "has violated [plaintiff's] right by acting as a 'fake'
4  judge")), and, consequently, that he should be afforded discovery for the purpose of
5  "strengthen[ing] the case" (see id. at 5:13-22).  The deficiencies in plaintiff's complaint,
6  however, are that the facts plaintiff has alleged establish the Court lacks jurisdiction over
7  his claims, and, to the extent the Court has jurisdiction, that his claims are barred by the
8  doctrines of claim preclusion, judicial immunity, or quasi-judicial immunity, and/or are
9  implausible.  Under such circumstances, discovery is improper.  See Ashcroft v. Iqbal,
10 556 U.S. 662, 686 (2009) (holding, where "complaint is deficient," plaintiff "is not entitled
11 to discovery").

12 Lastly, plaintiff argues he should be afforded leave to amend.  Plaintiff has failed,
13 however, to submit a proposed amended complaint as required by the Local Rules of this
14 District, see Civil L.R. 10-1, and plaintiff has not otherwise identified any new facts he
15 could add that would suffice to state a cognizable claim for relief against any defendant.
16 Consequently, leave to amend will be denied.  See Kendall v. Visa U.S.A., Inc., 518 F.3d
17 1042, 1052 (9th Cir. 2008) (holding leave to amend properly denied, where plaintiff "fail[s]
18 to state what additional facts [he] would plead if given leave to amend").

19 Accordingly, for the reasons stated in the Order to Show Cause, the complaint is
20 hereby DISMISSED without leave to amend.  The Clerk is hereby DIRECTED to close
21 the file.

22 **IT IS SO ORDERED.**

24 Dated: April 20, 2018

*[signature]*
MAXINE M. CHESNEY
United States District Judge